UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ariel Francisco Perez, #309924, | ) | C/A No. 4:08-3026-PMD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| | ) | |
| Warden Bernard McKie, Kirkland CI; | ) | |
| Unknown Female Officer, Kirkland CI; | ) | |
| SCDC Director Jon Ozmint, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Introduction

The plaintiff, Ariel Francisco Perez, proceeding *pro se*, brings this action pursuant to 42

U.S.C. § 1983.[1]  Plaintiff is an inmate at Walden Correctional Institution, a facility of the South

Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28

U.S.C. § 1915.  The complaint names SCDC employees as defendants.  Plaintiff claims that certain

personal property was taken from him during the intake process and then the property was destroyed

in violation of his constitutional rights.  Plaintiff brings suit against the defendants in their individual

and official capacities, and he seeks monetary damages.  The complaint should be dismissed for

failure to state a cognizable claim and based upon immunity.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C.,
the undersigned is authorized to review such complaints for relief and submit findings and
recommendations to the District Court.

and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*,

712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is

immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the

complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.

Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua*

*sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Even

if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit

to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to

state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who

is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct.

2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v.*

*Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Factual Background

The plaintiff alleges that on March 19, 2008, he was transported from the Greenville County Detention Center to the SCDC Kirkland Reception and Evaluation intake. Officer Bowell escorted the plaintiff to "shakedown" and an unknown female officer conducted the property inventory. The plaintiff alleges that the unknown officer took his wallet and reviewed the contents and threw most items into the garbage including his "personal phone numbers, business cards, and my voters registration card and my U.S. residency card." The plaintiff protested, but the officer stated that he could not keep those items and "I don't understand why 'Mexicans' always keep junk."[2] The plaintiff further alleges that his personal clothes and boots worth $760.00 were taken and inventoried. The plaintiff believes that these clothing items were also placed in the garbage or

---

[2] It appears from the documents submitted by the plaintiff that he is originally a native of Cuba.

otherwise disposed of and that the only things stored for him are his S.C. Department of Motor Vehicle I.D. and his social security card.

The plaintiff alleges that he filed a Step One grievance and Step Two grievance with SCDC, both of which were denied.  The complaint and attachments submitted by the plaintiff do not reveal whether he filed an appeal with the South Carolina Administrative Law Court.  The plaintiff sued the defendants in their official and individual capacities, and he alleges the following constitutional and state law violations – due process, equal protection, gross negligence/negligence and failure to train/supervise, deliberate indifference to his property rights, and respondeat superior.  The plaintiff seeks compensatory damages for $760 worth of personal property plus other compensatory damages and punitive damages.

Discussion

I. Failure to State a Cognizable Constitutional Claim.

The Supreme Court has held that deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986).  Moreover, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation."  *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 200-203 (1989).

The Fourth Circuit Court of Appeals has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the

loss. *See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. March 4, 2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005).  *See also Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state employee commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-1184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property -- even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).  Hence, the loss of the plaintiff's personal property (boots, clothing, personal phone numbers, business cards, voter registration card, and U.S. residency card) is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

Under South Carolina law, the plaintiff's claims relating to his lost property are cognizable under the South Carolina Tort Claims Act, § 15-78-10 *et seq.*, South Carolina Code of Laws. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment.  The plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act because the defendants were employed by the State of South Carolina.  Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina.  *See* S.C. Code §15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.).  Moreover, even if the items were intentionally destroyed (and outside the scope of employment) by the defendants, the plaintiff must utilize his

5

remedies under South Carolina law. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels); *Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984). In short, the plaintiff has an available state remedy for the missing property -- the South Carolina Tort Claims Act and the South Carolina courts.

II. Eleventh Amendment Immunity.

To the extent the plaintiff brings suit against the defendants in their official capacities, his claims are subject to dismissal based upon the Eleventh Amendment. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*,  535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

6

Under *Pennhurst State Sch. & Hosp.*, a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court.[3] *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It is clear that the Department of Corrections is an agency of the State of South Carolina and functions as an arm of the state. Therefore, the defendants in their official capacities should be dismissed without prejudice based upon Eleventh Amendment immunity.

III. <u>Respondeat Superior.</u>

To the extent the plaintiff relies on the doctrine of respondeat superior to sue defendant Ozmint, such a claim should be dismissed. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). Therefore, liability should not be imposed on defendant Ozmint on the basis of actions taken by other SCDC officials or employees at the Kirkland Correctional Institution.

IV. <u>Claims Against the Defendants in their Individual Capacities.</u>

To the extent the plaintiff alleges state law tort claims against the defendants in their individual capacities, these claims could be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Title 28

---

[3] The plaintiff's constitutional claims pursuant to § 1983 may be filed in the state court of common pleas against those defendants who may not be sued in federal court due to the Eleventh Amendment.

U.S.C. § 1367(a) requires such state claims to be "so related" to the federal claims "that they form part of the same case or controversy." Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection (c) of § 1367, if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Clause (c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated.[4] *Id.* Because it is recommended that the constitutional claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims against the defendants individually pursuant to § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C.

---

[4] This Court does not have original diversity jurisdiction over the plaintiff's state law claims against the defendants. It appears that all parties are domiciled in South Carolina; thus, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332(a). Also, it does not appear that the matter in controversy exceeds $75,000. *Id.*

§ 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 10, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).