# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ariel Francisco Perez, # 309924,  )<br>  )<br>              Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Bernard McKie, Warden of Kirkland  )<br>Correctional Institution; Unknown Female  )<br>Officer at Kirkland Correctional Institution;  )<br>Jon Ozmint, Director of South Carolina  )<br>Department of Corrections,  )<br>  )<br>              Defendants.  )<br>_____) | C.A. No.: 4:08-3026-PMD-TER<br><br>**ORDER** |

This matter is before the court upon the recommendation of the Magistrate Judge to dismiss the Plaintiff's above-captioned case without prejudice and without issuance and service of process. The record contains a Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections in response to the R&R. For the reasons set forth herein, Plaintiff's claims for relief under 42 U.S.C. § 1983 are dismissed without prejudice.

## BACKGROUND

Plaintiff Ariel Francisco Perez ("Plaintiff" or "Perez") is currently an inmate at Walden Correctional Institution on a conviction for receiving stolen goods. Plaintiff asserts that his constitutional rights were violated when, during the intake procedure, his "personal phone numbers, business cards, and my voters registration card and my U.S. residency card" were

---

[1] Pursuant to the provisions of Title 28, United States Code, § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

thrown away by correctional officers. He also alleges that his jacket and boots were taken from him, and are no longer being stored for him by SCDC.

In his Complaint, Plaintiff asserts that these deprivations violated his constitutional rights, and also asserts a claim under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. Plaintiff sues Defendants in both their individual and official capacities, and seeks monetary compensation for the deprivation of his personal property. Plaintiff brought this action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Plaintiff filed his Complaint in this matter on September 3, 2008. On September 10, pursuant to § 1915(e)(2)(B), the Magistrate Judge conducted a screening of the complaint in order to determine whether this Court should dismiss the case if the action fails to state an actionable claim. The Magistrate Judge issued an R&R finding that Plaintiff had failed to allege a constitutional violation which would entitle him to relief under § 1983, and recommended that this Court dismiss Plaintiff's action without prejudice. Plaintiff filed a timely Objection to this matter on September 17.

## STANDARD OF REVIEW

**I.     Magistrate Judge's Report & Recommendation**

Magistrate Judges are empowered by statute to preside over pretrial matters on appointment by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Where, as here, a Magistrate Judge is "assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement. . .[t]he magistrate judge shall enter into the record a recommendation for disposition of the matter." Fed. R. Civ. P. 72(b). The recommendation has no presumptive weight, and the

responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976).

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), a District Court evaluating a Magistrate Judge's recommendation is permitted to adopt those portions of the recommendation to which no "specific, written objection" is made, as long as those sections are not clearly erroneous or contrary to law. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, where a party makes a specific, written objection within ten days of being served with a copy of the report, the district court is required to make a *de novo* determination regarding those parts of the report, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, the R&R, and Plaintiff's Objections. The Magistrate Judge fairly and accurately summarized the facts in this case and this Court incorporates the R&R into this Order.

**II.     28 U.S.C. § 1915**

The Prison Litigation Reform Act ("PLRA") permits a prisoner to file, with court authorization, a civil action without prepayment of fees if he or she submits an affidavit of assets that shows that they are unable to pay such fees. 28 U.S.C. § 1915(a)(1). However, a complaint in such a case is also subject to additional screening procedures, and may be dismissed under § 1915(e)(2)(B) where the court determines that "the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A person may file actions pursuant to § 1915 even after he or she has been released from prison. *See Michau v. Charleston County*, 434 F.3d 725,

728 (4th Cir. 2006); *Kane v. Lancaster County Dept. Of Corr.*, 960 F. Supp. 219, 221-22 (D. Neb. 1997); *see also Bardes v. Magera*, 2008 WL 2627134 at *8 (D.S.C. June 25, 2008).

The standard to be applied in determining whether or not a claim should be dismissed for failing to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) is the same standard which is applied to determine whether a claim should be dismissed for the same reason under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). A court should only dismiss a case pursuant to Rule 12(b)(6) if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *See Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## ANALYSIS

### I. Plaintiff's Constitutional Claims

Plaintiff seeks damages from Defendants for the alleged deprivations of personal property. The Magistrate Judge recommended that this Court dismiss these claims for failure to state a claim upon which relief can be granted. In his Objection, Plaintiff does not make any specific objections to this recommendation. In fact, Plaintiff even goes so far as to consent to the dismissal of his federal claims. (Pl.'s Obj. at 2.)

Where, as here, no specific objection is made to the Magistrate Judge's recommendations, this Court need only review the recommendations to make sure that no clear error of law has occurred. This Court has reviewed the Magistrate Judge's R&R, and the correct

principles of law were applied to Plaintiff's claim to correctly recommend that Plaintiff failed to state a claim upon which relief may be granted under § 1983.

The Supreme Court of the United States has explicitly held that deprivations of inmates' personal property does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986). The Fourth Circuit has held that deprivations of personal property by corrections officials are not constitutional violations where there are procedures available for the inmate to recover that property or to be financially compensated for the loss. *See, e.g.*, *Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005). Therefore, while Plaintiff may have some claim against Defendants for the deprivation of his personal property under South Carolina law, it was not a violation of his rights under the United States Constitution, and therefore was not actionable under 42 U.S.C. § 1983. Defendants are also immune from suit under § 1983 to the extent they are being sued in their official capacities. *Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002). Furthermore, Plaintiff failed to make any allegation that Defendant Ozmint was involved in the deprivation of his property in anything other than a mere supervisory capacity, and a defendant may not be found liable for damages under § 1983 under the doctrine of *respondeat superior*. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977).

Accordingly, since the Magistrate Judge correctly applied these principles of law in determining that Plaintiff failed to state a claim for relief under § 1983, and Plaintiff does not object to the Magistrate Judge's recommendation, this Court holds that Plaintiff's claims against Defendants under § 1983 fail as a matter of law, and are dismissed.

## II.     Plaintiff's South Carolina Tort Claims Act Claim

Plaintiff also brings a claim for relief under the South Carolina Tort Claims Act, asserting that he is entitled to damages because Defendants unlawfully took or disposed of his property.  The Magistrate Judge recommended that since Plaintiff's § 1983 claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.  Plaintiff objected to this recommendation, arguing that it would be more efficient and convenient to allow him to litigate this claim in this Court than forcing him to litigate it in state court.  In the event that this Court does decline to exercise supplemental jurisdiction over his case, Plaintiff requests that this Court "remove" the action to the Richland County Court of Common Pleas.

Federal law provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367.  In the present case, as explained above, Plaintiff has failed to establish an issue of material fact on any of his claims under § 1983 or any other federal cause of action.  Since these were the only claims over which this Court has original subject matter jurisdiction, the only claim which remains is Plaintiff's claim brought under state law.

"Federal courts are courts of limited jurisdiction.  A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it."  *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 531 (D.S.C. 1999).  The Supreme Court has held that district courts should deal with the decision of whether or not to exercise supplemental jurisdiction over state law claims "in the manner that best serves the principles of economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172-73 (1997).  "[T]he Constitution

does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants." *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999).

Here, this matter has barely progressed beyond the Complaint phase. Defendants have not even been called upon to respond to Plaintiff's Complaint, and no discovery or extensive legal activity has occurred. Plaintiff's claims are not overly complex, and this Court has not developed any sort of extensive familiarity with the facts or law of the case. Furthermore, state courts have much more knowledge and experience adjudicating cases brought under the SCTCA, and state courts have an interest in determining the shape and substance of matters of state law. Therefore, matters of state law between non-diverse parties should not be brought in federal court absent a compelling reason for the exercise of federal jurisdiction. Beyond a bare assertion that it would be better and more convenient for him to have this Court adjudicate this cause of action, Plaintiff has provided this Court with no sufficiently compelling basis to exercise supplemental jurisdiction over his SCTCA claim in the absence of an ongoing federal claim. Accordingly, this Court declines to exercise supplemental jurisdiction over his claim for relief under the South Carolina Tort Claims Act, which would more properly be brought in the Richland County Court of Common Pleas.

The Court finally turns to Plaintiff's request that this Court "remove" this case to the Richland County Court of Common Pleas instead of merely dismissing the case without prejudice so that he may file the case there. Plaintiff cites no authority for a federal court's power to transfer a case which was not initially brought in a state court directly into that state court, and this Court is aware of no authority which grants a federal court such a power. The proper procedure for a federal court transferring a matter to state court is the procedure of remand, which is defined as "[t]o send (a case or claim) *back to the court or tribunal from which*

7

*it came* for some further action." *Black's Law Dictionary* 1296 (7th ed. 1999) (emphasis added). Remand to state court is authorized by 28 U.S.C. 1447, which characterizes the action as "[a]n order remanding a case *to the State court from which it was removed*." 28 U.S.C. 1447(d) (emphasis added).

A federal court may only transfer a case to another federal court. This procedure is outlined in 28 U.S.C. § 1404(a), which states that "a district court may transfer any civil action to any other district or division where it might have been brought." "[T]he federal transfer statute applies only to courts within the federal court system. The statute refers only to transfer between districts; it makes no provision for transfer between the federal and state court system." *Jones v. N.Y. City Dep't of Hous. Preservation & Dev.*, 1989 U.S. Dist. LEXIS 7592 at *1-2 (S.D.N.Y. July 11, 1989); *see also Mowrer v. Armour Pharm. Co.*, 1993 U.S. Dist. LEXIS 10681, at *7 (E.D. Pa. Aug. 3, 1993) ("[A] federal district court may transfer an action to another federal district court or to another division of the court, but nothing in the United States Code gives it the power to transfer an action originally filed in the federal district court to a state court.").

Accordingly, even if it deemed such a course of action prudent, the Court has no legal authority to remand or transfer Plaintiff's case directly to the Richland County Court of Common Pleas, as this action was originally brought by Plaintiff when he filed a Complaint in this Court. Therefore, Plaintiff's request is denied. However, the Court points out that this action is being dismissed without prejudice, and Plaintiff may file an action against Defendants in state court seeking relief under the SCTCA. The relevant state statute of limitations for bringing such a claim in state court has been tolled while the present matter has been pending in this Court, so Plaintiff will not be prejudiced by this Court's decision not to exercise supplementary jurisdiction. *See, e.g.*, *Jinks v. Richland County*, 538 U.S. 456 (2003).

## **CONCLUSION**

It is, therefore **ORDERED**, for the foregoing reasons that Plaintiff's action for civil rights relief pursuant to 42 U.S.C. § 1983 be **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 8, 2009**